**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1936**

LESLIE PATTERSON,

                Plaintiff - Appellant,

        v.

DENISE LAWHORN,

                Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Leonie M. Brinkema,
District Judge. (1:15-cv-00477-LMB-JFA)

Submitted: March 29, 2017          Decided: April 21, 2017

Before GREGORY, Chief Judge, and KEENAN and WYNN, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

James J. O'Keeffe, IV, JOHNSON, ROSEN & O'KEEFFE, LLC, Roanoke,
Virginia, for Appellant.  Mark R. Herring, Attorney General of
Virginia, Rhodes B. Ritenour, Deputy Attorney General, Nicholas
F. Simopoulos, Senior Assistant Attorney General, John G. Butler
III, Assistant Attorney General, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie Patterson appeals the district court's grant of summary judgment to a former criminal investigator for the Virginia Department of Taxation, Denise Lawhorn. Lawhorn swore out six felony complaints and seven misdemeanor complaints against Patterson for violating Virginia Code provisions. The felony complaints alleged that Patterson underreported his income on his 2007 through 2010 tax returns and took credit for 2007 and 2008 employee withholding taxes that he did not pay to the Commonwealth of Virginia. The misdemeanor complaints alleged that Patterson, as president of his church, failed to pay the church's 2009 and 2010 quarterly withholding taxes. The Commonwealth later entered orders of nolle prosequi for all 13 complaints. Patterson then sued Lawhorn for malicious prosecution under Virginia law and for a violation of the Fourth Amendment under 42 U.S.C. § 1983 (2012). The district court granted summary judgment to Lawhorn on both grounds, and Patterson appealed.

We review a district court's award of summary judgment de novo, viewing the facts and inferences reasonably drawn from those facts in the light most favorable to the nonmovant. Core Commc'ns, Inc. v. Verizon Md. LLC, 744 F.3d 310, 320 (4th Cir. 2014). Summary judgment is only appropriate when no genuine dispute of material fact remains and the record shows that the

2

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

We begin with the malicious prosecution claim. Where, as here, such a claim arises from criminal proceedings, Virginia law generally disfavors it. Reilly v. Shepherd, 643 S.E.2d 216, 218 (Va. 2007). To prove malicious prosecution, a plaintiff must show that the prosecutor: (1) lacked probable cause, (2) possessed malice, (3) caused the case to be brought against the plaintiff or cooperated in that effort, and (4) terminated the prosecution in a manner favorable to the plaintiff. Id.

We conclude that the district court properly granted summary judgment to Lawhorn on this claim because Patterson has failed to show Lawhorn lacked probable cause for either the felony or misdemeanor complaints. In this context, probable cause means that the prosecutor had "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff [wa]s guilty of the crime of which he [wa]s suspected." See id. at 219 (internal quotation marks omitted). Based on conversations with church personnel and a review of Patterson's accounts, Lawhorn had probable cause for all the complaints. Contrary to Patterson's argument on appeal, Lawhorn did not need to consider Patterson's innocent explanations for his tax discrepancies because any such self-serving statements could be

3

disbelieved when compared to contrary documentary evidence. Because Patterson has not met his burden to show that Lawhorn lacked probable cause, his malicious prosecution claim must fail.

For the same reason, Patterson's § 1983 claim also fails. Section 1983 requires a plaintiff to prove a person, acting under color of state law, deprived the plaintiff of a constitutional right. 42 U.S.C. § 1983. Patterson alleges that Lawhorn deprived him of his rights under the Fourth Amendment, which requires warrants to be based on probable cause and for seizures to be reasonable. U.S. Const., amend. IV. As described above, the record shows that Lawhorn had probable cause, meaning that she had "enough evidence to warrant the belief of a reasonable [prosecutor] that an offense has been or is being committed." Brown v. Gilmore, 278 F.3d 362, 367–68 (2002). Because the record supports a finding of probable cause regardless of any deficiencies in the information set forth in the warrants, the district court properly granted summary judgment to Lawhorn on the § 1983 claim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4